AMIR NASSIHI (SBN 235936)
anassihi@shb.com
**SHOOK, HARDY & BACON L.L.P.**
555 Mission Street, Suite 2300
San Francisco, CA 94105
TEL: (415) 544-1900 | FAX: (415) 391-0281

MATTHEW A. CULP (SBN 255771)
mculp@shb.com
KRISTINE AVENA (SBN 328593)
kavena@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
TEL: (424) 285-8330 | FAX: (424) 204-9093

Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBA ARTEAGA, an individual, and MELIZZA ARTEAGA, an individual, <br><br>Plaintiffs, <br><br>vs. <br><br>NISSAN NORTH AMERICA, INC., a Delaware Corporation, and DOES 1 through 10, inclusive, <br><br>Defendants. | Case No. 8:25-cv-00137 <br><br>**DEFENDANT NISSAN NORTH AMERICA, INC.'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendant Nissan North America, Inc. ("Nissan" or "Defendant"), hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1446, the claims pending as Case No. 30-2024-01439574-CU-BC-CJC in the Superior Court of California, County of Orange.

**I.    NATURE OF THE REMOVED CASE**

Plaintiffs Alba Arteaga and Melizza Arteaga ("Plaintiffs") filed this civil action

1  against Nissan in the Superior Court of California, County of Orange, on November
2  12, 2024. A true and correct copy of the Summons and Complaint is attached with
3  Exhibit A to this Notice.
4        Plaintiffs assert causes of action under the Song-Beverly Consumer Warranty
5  Act for breach of express warranty, breach of the implied warranty of merchantability,
6  and violation of California Civil Code section 1793.2(b). *See* Compl. (Ex. A), at ¶¶
7  21-62.
8        Plaintiffs seek rescission of the purchase contract and restitution of all monies
9  expended on the subject vehicle, as well as general, special, incidental, and
10 consequential damages, and a civil penalty of up to two times the amount of actual
11 damages. *See id.*, at Prayer for Relief (Ex. A).
12       On December 30, 2024, Nissan answered Plaintiffs' Complaint in the state
13 action, a true and correct copy of which is attached as Exhibit B to this Notice. *See*
14 Answer (Ex. B).
15       In the last 30 days, Nissan, through counsel, determined Plaintiffs' citizenships
16 and that the reasonable and non-speculative estimation of the amount in controversy
17 placed at issue through Plaintiffs' allegations renders this action removable. Nissan
18 conducted an investigation into the amount in controversy, which included assessing
19 the Retail Installment Sale Contract and the repair orders regarding the vehicle, in
20 order to ascertain a supportable and credible amount to apply for the applicable
21 mileage offset, as well as to deduct any manufacturer rebates, service contracts, GAP,
22 and negative equity, to help ensure the amount in controversy estimates are not
23 speculative. At the same time, Nissan conducted other investigation, including
24 reviewing Plaintiffs' information contained in the subject vehicle's documents to
25 credibly assert that Plaintiffs were not just "residents" of California, but in fact more
26 likely than not domiciled in California and thus citizens of this State.
27
28

## II. NISSAN HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

Under established Ninth Circuit precedent, if a plaintiff's complaint is "indeterminate" as to the basis for removability, a defendant may file a notice of removal based on its own information at any time within one year of commencement of the action. *See Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (citing *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 693–94 (9th Cir. 2005)) (holding that a defendant does not have a duty of inquiry if the initial pleading is "indeterminate" as to removability). While a pleading or "other paper" served by a plaintiff that reveals the basis for removability triggers a 30-day deadline to remove, no such 30-day deadline applies when removability is determined based on a defendant's own documents and investigation. *See Gomez v. Nissan N. Am., Inc.*, No. 2:24-cv-09020-SVW, 2025 WL 26368 at *5 (C.D. Cal. Jan. 3, 2025) ("[E]ven if the defendant has access to information that might show a case is removable, or could uncover such information through an investigation, the defendant is not obligated to remove within 30 days of service unless the ground for removal is obvious on the face of the complaint.") (quoting *Mata v. Ford Motor Co.*, No. 5:23-cv-01185-MEM, 2023 WL 9105649, at *2 (C.D. Cal. Dec. 7, 2023)); *Gonzalez v. Nissan North America, Inc.*, No. 2:23-cv-01301-WLH-MAR, 2024 WL 2782102, *3 (C.D. Cal. May 29, 2024) ("This is simply the kind of case where defendant removed the case based on its knowledge 'beyond the pleadings,' a removal that defendant was not 'obligated' to file pursuant to one of the two 28 U.S.C. § 1446 deadlines, but a removal that defendant nonetheless 'could' file.") (citing *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013) ("[Plaintiff] is incorrect in asserting that because [defendant] *could have* ventured beyond the pleadings to demonstrate removability *initially* . . . it was therefore *obligated* to do so.").

After appearing in this case, Nissan secured information and documentation, including the Retail Installment Sale Contract for the vehicle that is the subject of this

action ("Sales Contract"), showing that Plaintiffs purchased a 2020 Nissan Pathfinder (the "Subject Vehicle") for a total price of $50,533.92, as well as the repair orders. Counsel for Nissan investigated and reviewed these materials. Nissan also explored resolution options, and conducted other investigation. The result of Nissan's investigation, within the last 30 days, led to the conclusion that, by a preponderance of the evidence, a credible assessment of the amount in controversy exceeds $75,000. *See Roth*, 720 F.3d at 1125 ("[E]ven if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation. . ."). Included in the analysis of the amount in controversy is a credible estimate of attorneys' fees that are no longer speculative to include given that it is unlikely there will be a prompt settlement at this stage of the case. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018) (holding that future attorney fees are appropriate to include when they are not "too speculative because of the likelihood of a prompt settlement.").

Nissan files this Notice of Removal within 30 days after determining through its investigation that the amount in controversy reaches the minimum threshold. *See* 28 U.S.C. §1446(b)(1). This Notice of Removal is therefore timely.

Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be filed with the Clerk of the Superior Court of California, County of Orange, and Nissan will serve a copy of this Notice of Removal on all parties to the state action.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332

This Court has subject matter jurisdiction because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. 28 U.S.C. § 1332(a).

#### A. Diversity of Citizenship Exists Between the Parties.

Removal under 28 U.S.C. § 1332 is appropriate because complete diversity of citizenship exists between Plaintiffs and Nissan.

Plaintiffs are citizens of California and residents of Orange County. *See* Compl. (Ex. A), ¶ 2. For purposes of removal based on diversity of citizenship, a plaintiff's state of residence is presumptively considered to be their state of citizenship. *See Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary."). Plaintiffs' California address listed on the Sales Contract and repair orders also supports that Plaintiffs are domiciled in California, and therefore citizens of this State. *See Ghebrendrias v. FCA US LLC*, Case No. 2:21-cv-06492-VAP (PDx), 2021 WL 5003352, at *3 (C.D. Cal. Oct. 28, 2021) (Finding citizenship where purchase agreement and repair order listed a California address, and plaintiffs did not deny they were citizens of California).

At the time Plaintiffs commenced this action, Nissan was (and still is) a Delaware corporation with its principal place of business in Tennessee and, thus, for jurisdictional purposes, a citizen of those two states. This Court therefore has jurisdiction over this action under 28 U.S.C. § 1332 because the sole named defendant is a citizen of Delaware and Tennessee, while Plaintiffs are citizens of California.

**B.  The Amount in Controversy Requirement Is Satisfied.**

Plaintiffs seek "rescission of the purchase contract and restitution of all monies expended." *Id.*, at Prayer for Relief (Ex. A). Additionally, Plaintiffs seek consequential and incidental damages, civil penalties "in the amount of two times Plaintiffs' actual damages," attorney's fees, prejudgment interest, and other relief as the Court may deem proper. *Id*. Based on the allegations in the complaint, the investigation undertaken, and the information provided with this Notice, a preponderance of the evidence shows that Plaintiffs have placed more than $75,000 at issue.

To determine the amount in controversy, a district court will consider whether the notice of removal plausibly alleges that the amount exceeds the threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–88 (2014).

1  Plausible allegations alone may be sufficient; evidence is required only if the plaintiff
2  contests—or the court questions—the plausibility of the defendant's allegations. *Id.*
3  at 89, 95; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir.
4  2019). If the allegations are challenged, then "both sides submit proof and the court
5  decides, by a preponderance of the evidence, whether the amount-in-controversy
6  requirement has been satisfied." *Dart Cherokee Basin*, 574 U.S. at 87–88.

7        A defendant does not "need to prove to a legal certainty that the amount in
8  controversy requirement has been met." *Id.* at 88–89 (citing H.R. Rep. No. 112–10,
9  p. 16 (2011)). Rather, the standard is preponderance of the evidence. Where a
10 defendant shows that damages would exceed the threshold, "it then becomes
11 plaintiff's burden to show, as a matter of law, that it is certain he will not recover the
12 jurisdictional amount." *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 888 (S.D.
13 Cal. 2021) (citations omitted).

14       Restitution under the Song-Beverly Act is "an amount equal to the actual price
15 paid or payable by the buyer . . . and including any collateral charges such as sales or
16 use tax, license fees, registration fees, and other official fees, plus any incidental
17 damages to which the buyer is entitled under section 1794, including, but not limited
18 to, reasonable repair, towing, and rental car costs actually incurred by the buyer." Cal.
19 Civ. Code §§ 1793.2(d)(2)(B), 1794(b). Calculating applicable offsets is essential to
20 establishing a non-speculative amount of "actual damages" in controversy for
21 purposes of diversity jurisdiction in a Song-Beverly action. *Gomez,* 2025 WL 26368,
22 at *5 ("[W]hile Plaintiff surely alleges that the approximate value of the car is
23 $36,538, this does nothing to inform Defendant of [] what the applicable mileage
24 offset would be in this case. [citation] Without this information, Defendant has no
25 clear notice of the value of the actual damages sought by Plaintiff.") The mileage
26 offset is calculated by taking the number of miles driven before the first repair attempt
27 divided by 120,000 and multiplying that figure by the vehicle's cash price. *See id.*;
28

*see also Wickstrum v. FCA USA LLC*, No. 3:20-cv-00336-L-JLB, 2021 WL 532257, at *1–2 n.2 (S.D. Cal. Feb. 12, 2021) (outlining formula for mileage offset).

Here, Plaintiffs purchased the vehicle for $50,533.92. The total cash price of the Subject Vehicle—as identified only in the Sales Contract—is $45,739.97. Plaintiffs purchased the Subject Vehicle with 36 miles on the odometer on March 8, 2021. On August 5, 2022, with 12,975 miles on the odometer, Plaintiffs first presented the vehicle to a dealership for repair. Thus, Plaintiffs' use of the Subject Vehicle prior to the discovery of the alleged nonconformity is 12,939 miles. Dividing this number by 120,000 and multiplying this by the cash price of the Subject Vehicle results in an estimated mileage offset of $4,931.91. *See Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701–02 (9th Cir. 2018) (reasonable estimate of mileage offset may sometimes be sufficient). Additionally, per the Sales Contract, Plaintiffs purchased non-recoverable options (such as service contracts and GAP) totaling $4,000.00, and received a manufacturer's rebate of $2,250.00, all of which are deductible under the Song-Beverly Act. *See Rivera v. Ford Motor Co.*, No. CV 18-07798 DSF (PJWx), 2020 WL 1652534, at *5 (C.D. Cal. Feb. 10, 2020) (citing Cal. Civ. Code § 1793.2(d)(2)(B) (stating that the Song-Beverly Act excludes from its restitution remedy any "'nonmanufacturer items installed by a dealer' . . . [s]uch items are not part of the 'new motor vehicle' price and the manufacturer is not required to reimburse the buyer for their cost."). Accordingly, the economic damages at issue here would be approximately **$39,352.01** ($50,533.92 - $4,931.91 - $4,000.00 - $2,250.00 = $39,352.01).

The Song-Beverly Act also allows for a civil penalty of up to twice the amount of actual damages. Cal. Civ. Code § 1794(c). Plaintiffs seek the maximum possible amount, and also expressly allege willful misconduct by Nissan. *See, e.g.*, Compl. (Ex. A) at ¶¶ 35, 62 and Prayer for Relief at ¶ 5. That maximum amount is therefore properly included in the amount in controversy. *See Farrales v. Ford Motor Co.* No. 21-cv-07624-HSG, 2022 WL 1239347, at *4–5 (N.D. Cal., Apr. 27, 2022) ("The

Court understands that courts in this district have differing views on whether to consider the maximum civil penalties under the Song-Beverly Act when determining the amount in controversy . . . [b]ut the Court agrees with the reasoning of those courts who have found that civil penalties under the Song-Beverly Act should be considered when determining the amount in controversy if Plaintiff has alleged willfulness in the complaint 'because that is what Plaintiff put in controversy.' A removing defendant should not be required to offer evidence that it willfully failed to comply with the Song-Beverley (sic) Act. It is enough here that Plaintiff alleged an intentional failure to comply with the Act and seeks the civil penalty. The Court accordingly finds the civil penalty in the amount . . . is properly included in the amount in controversy." (quoting *Messih v. Mercedes-Benz USA, LLC*, No. 21-CV-03032-WHO, 2021 WL 2588977, at *6 (N.D. Cal. June 24, 2021) (collecting cases) (other citations omitted); *see also Amavizca v. Nissan N. Am., Inc.*, No. ED CV22-02256 JAK (KK), 2023 WL 3020489 at *7–8 (C.D. Cal. Apr. 19, 2023) ("Nissan need not prove that Plaintiffs are more likely than not to obtain the maximum civil penalty award; Nissan need only prove, by a preponderance of the evidence, that Plaintiffs have placed this amount in controversy. Nissan has met its burden, and a civil penalty of twice Plaintiffs' actual damages shall be included in the amount in controversy.") (collecting cases supporting inclusion of maximum civil penalty in the amount in controversy where plaintiff demands that relief and alleges willful misconduct by the defendant). Here, including even a conservative 1.5-times civil penalty results in total damages of $98,380.03 ($39,352.01 + (1.5) x $39,352.01).

In addition, attorney's fees are also properly considered in assessing the amount in controversy, as the Song-Beverly Act allows for the recovery of attorneys' fees. Cal. Civ. Code § 1794(d). Given the work done to date and assessing this with the benefit of counsel's review of past billings from Plaintiff counsel in similarly situated cases tethered to the work that has actually been done in this case, it is reasonable to assume at least $7,500 in past attorney fees. This amount means the $75,000 amount

in controversy is met. On top of that, this Court may at this point in time also consider future attorney fees as it has become clear based on the current assessment that this case will not resolve early. *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Accordingly, the $75,000 amount in controversy is met.

In sum, based on Nissan's investigation, the available information reveals that the amount in controversy in this case exceeds the $75,000 threshold necessary for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Should the Court require further proof of the amount in controversy, Nissan requests the ability to conduct jurisdictional discovery by interrogatories or depositions to support that the amount in controversy is satisfied pursuant to 28 U.S.C. § 1332.

## DEMAND FOR JURY TRIAL

Defendant Nissan North America, Inc. hereby demands a trial by jury on all issues that may be tried to a jury.

Dated: January 24, 2025         SHOOK, HARDY & BACON L.L.P.

                                By:   /s/ *Amir Nassihi*
                                      Amir Nassihi
                                      Matthew A. Culp
                                      Kristine Avena

                                      Attorneys for Defendant
                                      NISSAN NORTH AMERICA, INC.